IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMALIA MENDEZ,

    Plaintiff,

    v.

SECURITAS SECURITY SERVICES, USA, INC.,

    Defendant.

Case No. 21-2337-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Amalia Mendez ("Mendez") brings this lawsuit against defendant Securitas Security Services, USA, Inc. ("Securitas"), her former employer, alleging violations of the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). This matter comes before the court on Mendez's Motion to Stay Proceedings. (ECF 21.) By way of this motion, Mendez ask the court to stay all proceedings in this court while she pursues MHRA and common law claims against Securitas and two individuals in Missouri state court. For the reasons discussed below, Mendez's motion is denied.

### I.    BACKGROUND

Mendez received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission on May 6, 2021, notifying her of her right to file suit on her federal claims against Securitas within 90 days. (*Id.* at 1; ECF 1-2.) Mendez then received a Notice of Right to Sue from the Missouri Commission on Human Rights dated June 29, 2021, notifying her of her right to file suit on her state claims against Securitas within 90 days of the Notice date. (ECF 21, at 1; ECF 1-3.) On July 30, Mendez filed this lawsuit, alleging that she was subject to harassment and disparate treatment based on her race and sex while employed with Securitas, in

violation of the MHRA and Title VII.  Mendez states that she "filed employment discrimination claims in this Court for purposes of preservation."  (ECF 21, at 1.)

Mendez then commenced a lawsuit on September 27 in Jackson County, Missouri, circuit court against Securitas and two individuals.  (*Id.* at 2.)  The state lawsuit includes what appear to be the same MHRA claims against Securitas alleged here, as well as defamation and false light invasion of privacy claims against Securitas and the two individuals.  (*Id.*)  Meanwhile, Securitas filed its answer in this case on September 30 (ECF 13), the parties conferred in advance of the scheduling conference pursuant to the Federal Rules, and the court held a scheduling conference and entered a Scheduling Order on November 9 (ECF 19 & 20).

Now, Mendez requests a stay of this federal case because she "intends to proceed with her claims in Jackson County at this time."  (ECF 21, at 2.)  Securitas does not oppose staying discovery and the pretrial conference.  (ECF 33.)  But Securitas opposes a stay of all litigation because it intends to file a motion to compel arbitration by the December 31 deadline set in the Scheduling Order.  Securitas contends that a partial stay would conserve judicial resources.

## II.   DISCUSSION

The Supreme Court "has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  Nevertheless, the *Colorado River* doctrine "permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings" in certain circumstances, based on principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation.  *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (discussing *Colorado River Water Conservation District v. United States*,

424 U.S. 800 (1976)).  Those circumstances must be "exceptional" however, because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817-18.

To determine whether a stay is warranted under the *Colorado River* doctrine, the court must first examine whether the state and federal proceedings are indeed parallel, *i.e.*, whether "substantially the same parties [are] litigat[ing] substantially the same issues in different forums." *Fox*, 16 F.3d at 1081 (quotation omitted).  If the proceedings are parallel, the court must then decide whether "deference to state court proceedings is appropriate under the particular circumstances."  *Id.* at 1082.  Factors the court considers in making this decision include: (1) whether the federal forum is inconvenient, (2) the desirability of avoiding piecemeal litigation, (3) the order in which the courts obtained jurisdiction, (4) whether either court has assumed jurisdiction over property, (5) whether federal law governs the substantive issues in the case, and (6) the adequacy of the state forum to protect the parties' rights.  *See Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).  Courts may also consider the vexatious or reactive nature of either action, and "whether the party opposing abstention has engaged in impermissible forum-shopping."  *Fox*, 16 F.3d at 1082.

"No one factor is necessarily determinative . . . ."  *Colorado River*, 424 U.S. at 818-19. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."  *Moses H. Cone*, 460 U.S. at 16.  "Rather than use the factors as a 'mechanical checklist,' a court should engage in 'a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'"  *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone*, 460 U.S. at 16).  Doubts "should be resolved in favor of exercising federal jurisdiction."  *Id.*

Here, Mendez provides only a cursory description of the state court lawsuit in her motion, and she does not address the *Colorado River* doctrine at all.[1] Without details on the state court proceeding, the court cannot evaluate whether this federal case and the state court case are parallel. Based on the scant information provided, it appears that they may not be parallel to the extent that the state court case involves additional defendants and claims. *See Fox*, 16 F.3d at 1081 (explaining that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums" (quotation omitted)). But even if the proceedings were parallel, Mendez's motion still does not explain why a stay is appropriate under the factors discussed above. Accordingly, the record does not establish that exceptional circumstances exist here that would justify staying this case and deferring to the state court.

The fact that Mendez apparently filed this federal lawsuit solely for preservation reasons and now wishes to pursue her MHRA claims in state court does not support the requested stay. A court cannot stay a case "simply because it would be more convenient or efficient to have the claims heard by another court." *Coats v. J.D.B. of New Mexico, Inc.*, No. CV 09-541 JCH/WPL, 2010 WL 11500514, at *2 (D.N.M. May 26, 2010) (declining to stay a federal employment case in deference to a later-filed state case involving similar employment claims against the federal defendant and two additional individuals). By filing this lawsuit, Mendez invoked this court's "virtually unflagging obligation" to hear jurisdictionally sufficient claims. *Colorado River*, 424 U.S. at 817. That obligation cannot be set aside lightly, and Mendez's motion does not establish any reason to do so.

---

[1] Mendez instead contends that a stay is warranted under the factors the court examines when determining whether to stay a case while a dispositive motion is pending. (*See* ECF 21, at 2-3.) But no dispositive motion is pending here, thus those factors are inapplicable.

Nor have the parties demonstrated that any lesser stay is appropriate. Securitas's response to Mendez's motion states that Securitas does not oppose staying discovery in this matter because it anticipates that its forthcoming motion to compel arbitration will dispose of Mendez's claims. But Securitas raised the possibility of filing a motion to compel arbitration during the scheduling conference, and the court set a December 31 deadline in the Scheduling Order for such motions. Thus, the existing schedule already accounts for Securitas filing a motion to compel arbitration and contemplates that the parties will proceed with discovery before and during the pendency of that motion. Securitas is welcome to file its motion by the December 31 deadline, but the existing schedule remains in place unless and until the court compels arbitration.

## III.   CONCLUSION

Because Mendez has not established that staying all proceedings in this matter is warranted under the *Colorado River* doctrine, the court denies her motion. The court further declines to impose any lesser stay, including a stay of discovery. The court continues to exercise jurisdiction here and expects the parties to abide by the case schedule set forth in the Scheduling Order.

**IT IS THEREFORE ORDERED** that plaintiff Amalia Mendez's Motion to Stay Proceedings (ECF 21) is denied.

**IT IS SO ORDERED.**

Dated December 7, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge