## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| AMALIA MENDEZ, | |
| Plaintiff, | |
| v. | Case No. 21-2337-DDC-ADM |
| SECURITAS SECURITY SERVICES, USA, INC., | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Joint Motion to Amend Scheduling Order. (ECF 60.) The parties seek an extension of all remaining scheduling order deadlines except for the trial setting. Specifically, the motion asks the court to extend the deadlines to complete discovery, mediation,[1] the proposed pretrial order, and dispositive and Daubert motions, and to grant a continuance of the pretrial conference. (*Id.* ¶ 13.) For the reasons discussed below, the motion is granted in part and denied in part.

## I.     BACKGROUND

On July 30, 2021, Plaintiff Amalia Mendez ("Mendez") filed this lawsuit against defendant Securitas Security Services, USA, Inc. ("Securitas"), her former employer, alleging violations of the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964 ("Title

---

[1] The motion also states that mediation is to take place by April 8, 2022 (ECF 60 ¶ 1), but this is incorrect. The court's March 8 order granting Securitas's Motion for Extension of Time to File Designation of Mediator Notice vacated the deadlines for the parties to file a joint mediation notice and complete mediation and stated that the court will revisit mediation in connection with the pretrial conference. (ECF 57.) Therefore, this order does not address the parties' request to extend the mediation completion deadline.

VII").  (ECF 1.)  Mendez then commenced a lawsuit on September 27 in Jackson County, Missouri Circuit Court against Securitas and two individuals alleging what appears to be the same MHRA claims against Securitas alleged here, as well as defamation and false light invasion of privacy claims against Securitas and the two individuals.  (ECF 21, at 2.)  Securitas filed its answer in this case on September 30, and the court entered a scheduling order on November 9.  (ECF 13, 20.)

On November 10, Mendez requested a stay of this federal case because she "intend[ed] to proceed with her claims in Jackson County."  (ECF 21, at 2.)  On December 7, the court denied the stay because Mendez had not established that staying all proceedings in this case was warranted under the *Colorado River* doctrine.  (ECF 34.)  In that order, the court further declined to impose the lesser stay proposed by Securitas, including a stay of discovery, and emphasized that "[t]he court continues to exercise jurisdiction here and expects the parties to abide by the case schedule set forth in the Scheduling Order."  (ECF 34, at 5.)  On January 14, 2022, Securitas filed a motion to stay the case and compel arbitration.  (ECF 44.)  Mendez sought multiple extensions of her deadline to file a response to that motion, and ultimately filed her opposition on March 25.  (ECF 59.)  Securitas recently requested and received an extension of time to file its reply up to and including April 15.  (ECF 62.)

## II.    DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).  The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed.  *Id.* at 988.  Courts are more likely to find good cause when the moving party has been

generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause. *Id.* The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Here, despite the court's December 7 order denying a stay of discovery and apprising the parties of the court's expectation that the parties should abide by the case schedule, it appears that the parties have not proceeded with discovery or other trial preparations. According to the docket sheet, the only discovery the parties have completed since the court's December 7 order is service of Securitas' responses to Mendez's first sets of interrogatories and document requests and service of supplemental Rule 26(a)(1) disclosures. (ECF 43, 53.) Moreover, after the court denied two inappropriately-filed cross motions for entry of a protective order in late November (ECF 29, 32), held a discovery conference and issued a follow-up order on December 17 relating to protective order issues (ECF 37, 41), and denied a joint motion for entry of a protective order on January 11 because the parties still had not complied with the good cause requirement (ECF 42), the parties did not renew that motion with a proper good cause showing, as the court directed. Indeed, the only substantive activity reflected on the docket over the past several months is Securitas' motion to stay and the parties' briefing on Securitas' motion to compel arbitration. (ECF 44, 59.)

The court understands that exigent circumstances—namely, the winding down of the law firm representing Mendez following the unexpected death of the firm's managing attorney and sole member in February—required Mendez's counsel to seek multiple extensions of the deadline to respond to Securitas's motion. However, the record shows that the deceased attorney never entered his appearance in this case; instead, Mr. Murphy has represented Mendez during this entire

case.  The court is sympathetic to the fact that Mr. Murphy has been preoccupied with winding down his old employer, forming and setting up his new law firm, and transferring Mendez's files to his new firm.  Nonetheless, the parties have not shown good cause for the lengthy four- to five-month extensions they request.  Instead, these circumstances warrant an approximately two-month extension of deadlines to preserve the original discovery period that was lost.

The parties have not shown good cause for any lengthier extension.  The parties have had ample time to conduct discovery.  Discovery has been open since early November 2021, but the parties' current motion admits that they have not yet completed written discovery or depositions, even though the discovery deadline was set to expire on April 8, the day after they filed the current motion.  (ECF 60 ¶ 12.)  As discussed above, the record does not reflect that the parties have been diligent in proceeding with discovery.  The parties' motion does not set forth any attempts to meet existing deadlines.  To the contrary, both parties appear to have focused their efforts on filing motions to stay pending the Missouri court proceedings (which this court denied), or to stay proceedings and compel arbitration (for which briefing is still outstanding three months later due to multiple extensions).  This case has been on file for 8½ months without having progressed beyond initial disclosures and an opening set of interrogatories and document requests from Mendez.  The parties need to move this case forward or agree to litigate elsewhere, whether that be in the Missouri court or in arbitration.  For all of these reasons, the court finds good cause to amend the scheduling order to extend certain deadlines by two months, but no more.

The parties state that they do not believe an extension will affect the trial date.  (*Id.* ¶ 2.) This is incorrect.  Extending the discovery deadline will derail the remaining case schedule and require commensurate extensions of the proposed pretrial order deadline, the pretrial conference setting, and the dispositive and expert-related motions deadline.  This also requires the court to

reset the trial date because district judges in this district set trial dates based on the dispositive motion deadline, with the various district judges requiring different windows of time between the dispositive motion deadline and the trial date. (ECF 20 ¶ 4(c) ("The parties are advised that any future request for extensions of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (*i.e.*, later) trial date.").) Accordingly, the court sets the following deadlines and continues the trial as set forth below:

| Event | New Deadline/Setting |
|---|---|
| All discovery completed | June 8, 2022 |
| Proposed pretrial order due | June 17, 2022 |
| Pretrial conference | June 27, 2022 at 2:00 p.m. |
| All other potentially dispositive motions (e.g., summary judgment) | July 26, 2022 |
| Trial | April 4, 2023 at 9:00 a.m. |

The discovery deadline, the proposed pretrial order deadline, the pretrial conference setting, and the dispositive motion deadline must remain firm to keep this new trial setting. Therefore, the court cautions the parties that no further extensions of these deadlines will be granted absent extraordinary circumstances.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Amend Scheduling Order (ECF 60) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated April 12, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge